IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KARLA SULLIVAN** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO: _____ |
| | ) |
| **PRIME HEALTHCARE** | ) |
| **SERVICES,** | ) |
| **INC., F/D/B/A RIVERVIEW** | ) |
| **MEDICAL CETNER** | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |
| | ) |

## COMPLAINT

## PARTIES

1.     Plaintiff **Karla Sullivan** is an adult resident of Alabama and worked for Defendant in the Northeastern Division of the Northern District of Alabama at all relevant times.

2.     Defendant **Prime Healthcare Services, Inc., d/b/a Riverview Regional Medical Center** is an employer as defined by the Americans with Disabilities Act ("ADA") and Title VII, operating a hospital facility in Gadsden, Alabama.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under federal law (ADA and Title VII).

4. Venue is proper under **28 U.S.C. § 1391** because the unlawful employment actions occurred within the Northern District of Alabama, Northeastern Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed an EEOC Charge on September 21, 2020, alleging retaliation. (Plaintiff's Exhibit 1).

6. The EEOC issued Plaintiff a Right-to-Sue Letter on September 4, 2025, which Plaintiff received on September 8, 2025. (Plaintiff's Exhibit 2).

7. This lawsuit is timely filed within 90 days of Plaintiff's receipt of the Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant in or around 2018 as a Medical Assistant in Defendant's hospital clinic.

9. In or around February 2019, Plaintiff became pregnant. Due to her pregnancy being classified as a geriatric pregnancy, her provider placed her on light duty restrictions.

10. Plaintiff gave her light-duty restrictions to her supervising clinic physician. She was told by the supervising physician, that if she could not perform full duty, she would not have a job.

11. Plaintiff reported this adverse treatment to Defendant's Human Resources Department, which informed her that the supervising physician had no authority to deny her light-duty accommodations. Plaintiff was then permitted to work light duty.

12. Plaintiff suffered medical complications during her pregnancy and returned to work around December 2019.

13. In March 2020, Plaintiff was furloughed due to COVID-19 and later took a voluntary layoff.

14. Around this time, Plaintiff was asked to provide a statement to the EEOC concerning the discriminatory treatment of another employee, Ashley McGhee, who had filed an EEOC Charge alleging pregnancy discrimination by the same supervising physician.

15. On September 14, 2020, Plaintiff attempted to return to work in the clinic. She was informed that the supervising physician did not want her back in the office.

16. On September 15, 2020, Defendant placed Plaintiff in the business office instead of the clinic. She worked there through September 18, 2020.

17. On September 18, 2020, Plaintiff was sent home and subsequently terminated.

18. Plaintiff's termination occurred shortly after she cooperated in an EEOC investigation involving pregnancy discrimination by the same physician who had previously retaliated against her during her own pregnancy.

19. Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and mental anguish.

## COUNT I RETALIATION IN VIOLATION OF THE ADA

20. Plaintiff realleges Paragraphs 1–19.

21. Plaintiff engaged in protected activity under the ADA when she participated in the EEOC process regarding another employee's ADA/pregnancy-related discrimination allegations.

22. Defendant was aware of Plaintiff's participation in the EEOC process.

23. Defendant thereafter subjected Plaintiff to adverse employment actions, including refusing to allow her to return to the clinic, reassigning her, sending her home, and terminating her.

24. Defendant's adverse actions were taken because Plaintiff engaged in ADA-protected activity.

25. Defendant's stated reasons for her termination were false and pretextual.

26. Defendant's actions violate **42 U.S.C. § 12203**.

27. Plaintiff has suffered damages and is entitled to back pay, front pay, reinstatement or front pay in lieu of reinstatement, compensatory damages, punitive damages, and attorney's fees and costs.

## COUNT II RETALIATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

28. Plaintiff realleges Paragraphs 1–27.

29. Plaintiff engaged in protected activity under the Pregnancy Discrimination Act when she:

      a. Reported pregnancy-based discriminatory conduct by the supervising physician in 2019; and

      b. Provided a statement to the EEOC regarding pregnancy-related discrimination in support of coworker Ashley McGhee.

30. Defendant knew of Plaintiff's protected activity.

31. Following this activity, Defendant took multiple adverse actions against Plaintiff, culminating in her termination on or around September 18, 2020.

32. Defendant retaliated against Plaintiff because she engaged in activity protected by Title VII and the Pregnancy Discrimination Act.

33. Defendant's actions constitute unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a).

34. Plaintiff suffered damages including emotional distress, mental anguish, lost wages, and lost benefits.

35. Plaintiff is entitled to all relief available under Title VII, including reinstatement, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

    a. Enter judgment in her favor on all claims;
    b. Award back pay, front pay, and lost benefits;
    c. Award compensatory damages for emotional distress and mental anguish;
    d. Award punitive damages;
    e. Order reinstatement, or award front pay instead;
    f. Award attorney's fees and costs;
    g. Grant all other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Gina D. Coggin
Gina D. Coggin ASB-3058-i54g
Attorney for the Plaintiff

OF COUNSEL:
**THE COGGIN FIRM, LLC**
222 South 8th Street
Gadsden, AL 35901
Telephone: (256) 485-0909
Facsimile: (256) 485-0901
gina@thecogginfirm.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2020-03130 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**MS. KARLA J SULLIVAN** | Home Phone<br>**(256) 393-0510** | Year of Birth |
|---|---|---|
| Street Address<br>**804 HENRY ST,** | City, State and ZIP Code<br>**GADSDEN, AL 35901** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**PRIME HEALTHCARE (RIVERVIEW REGIONAL MEDICAL CENTER)** | No. Employees, Members<br>**501+** | Phone No.<br>**(256) 543-5200** |
|---|---|---|
| Street Address<br>**600 SOUTH 3RD STREET,** | City, State and ZIP Code<br>**GADSDEN, AL 35901** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **09-14-2020**   Latest: **09-18-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PLAINTIFF'S EXHIBIT 1**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Karla Sullivan on 09-21-2020 02:29 PM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2020-03130 |
|---|---|---|

_State or local Agency, if any_ and EEOC

I began employment with the above-named employer in or around 2018 (prior to their take-over in 2018, I was employed since 2003) and I was last employed as a Medical Assistant. In or around March 2020, I took voluntary lay-off and then furlough, due to COVID-19. Subsequently, I participated in the investigation of Ashley McGhee's EEOC Charge 420-2020-01068. On or about Monday, September 14, 2020 I attempted to return to work in Dr. Morgan-Graves clinic, where I had previously worked with no performance problems or write-ups, but after back and forth management talks with Dr. Morgan-Graves, I was sent home. I was informed Dr. Morgan-Graves did not want me back in her office. On or about Tuesday, September 15, 2020 I was allowed to return to work but placed in the business office with Clinical Supervisor Sandra Jackson, where I remained until Friday, September 18, 2020, when I was discharged pending investigation. I have been informed that Dr. Morgan-Graves knows that I participated in Ms. McGhee's EEOC investigation against her.

I believe I have been discriminated against in retaliation for participating in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Karla Sullivan on 09-21-2020 02:29 PM EDT** | NOTARY – _When necessary for State and Local Agency Requirements_<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>_(month, day, year)_ |
|---|---|



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Birmingham District Office
11130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/04/2025

To: Ms. Karla J. Sullivan
804 Henry Street
Gadsden, AL 35901

Charge No: 420-2020-03130

EEOC Representative and email:    Alicia Martin-Schutz
Investigator
alicia.martin-schutz@eeoc.gov

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2020-03130.

On behalf of the Commission,

C. Austin Harris  Digitally signed by C. Austin Harris
Date: 2025.09.04 15:27:07 -05'00'

/for Bradley A. Anderson
District Director



**Cc:**

Heather Johnson
Prime Healthcare (Riverview Regional Medical Center)
c/o Littler Mendelson, P.C.
2301 McGee Street
Suite 700
Kansas City, MO 64108

Robert F Millman
Prime Healthcare
c/o Littler Mendelson - GSC
2301 McGee Street
Suite 700
Kansas City, MO 64108

Please retain this Notice for your records.